UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. JAY STRAUSBAUGH,

       Petitioner,                      Case No. 2:24-CV-11321
                                                     Honorable Jonathan J.C. Grey

MELINDA BRAMAN,

       Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

C. Jay Strausbaugh ("petitioner"), presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus in this district pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his conviction and sentence for first-degree criminal sexual conduct and armed robbery in the First Judicial Circuit Court for Hillsdale County, Michigan.[1] In the interests of justice, the Court concludes that the proper venue for this

---

[1] Petitioner does not indicate that he was convicted in Hillsdale County, only that he was convicted in the First Judicial Circuit Court for Michigan. This Court takes judicial notice of the fact that the First Judicial Circuit Court is the circuit court for Hillsdale County. 1st Judicial Circuit Court (Criminal, Divorces) (hillsdale.mi.us). The Michigan Offender Tracking System also indicates that Petitioner's convictions are out of Hillsdale County. Offender Tracking Information System (OTIS) - Offender Profile (state.mi.us).

1

petition is in the Western District of Michigan and orders that the petition be transferred to that district.

I. **Discussion**

28 U.S.C. 28 U.S.C. § 2241 (d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state court conviction to file a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, provided, of course, that both judicial districts are located within the same State. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n.3 (1971). 28 U.S.C. § 2241(d) "explicitly" governs the jurisdiction of a federal court

2

over habeas petitions. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819–820 (E.D. Mich. 1988) (Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court sua sponte. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Hillsdale County, Michigan, and is presently incarcerated at the Handlon Correctional Facility in Ionia, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962–63 (5th Cir. 2000). Therefore, the United States District Court for the Western District of Michigan is the only court with jurisdiction to hear petitioner's 28 U.S.C. § 2254 petition. *See Carmona v. Andrews,* 357 F.3d 535, 537-39 (5th Cir. 2004); *see also Young v. Horton,* No. 2:19-CV-12710, 2019 WL

3

4732481, at *1 (E.D. Mich. Sept. 26, 2019); *Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, *1 (E.D. Mich. Apr. 23, 2007) (because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(citing *Gist v. Henderson,* 401 F. Supp. 819, 819 (W.D. N.Y. 1975)).

As petitioner's conviction occurred in a state court that is not located in the Eastern District of Michigan and petitioner is not presently in custody in this district, the Court shall transfer the matter to the United States District Court for the Western District of Michigan pursuant to § 2241(d). *See Dilworth v. Johnson,* 215 F.3d 497, 499, n. 1 (5th Cir. 2000); *Young v. Horton,* Slip. Op. at *1; *Manes v. Bell,* Slip. Op. at * 1.

## II. Conclusion

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

Dated: May 24, 2024

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2024.

                                        s/ S. Osorio
                                        Sandra Osorio
                                        Case Manager