UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

C. JAY STRAUSBAUGH,

          Petitioner,                    Case No. 1:24-cv-549

v.                                               Honorable Robert J. Jonker

MELINDA BRAMAN,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner C. Jay Strausbaugh is incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. On October 22, 2014, Petitioner pleaded guilty in the Hillsdale County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, and one count of armed robbery, in violation of Mich. Comp. Laws § 750.529. (Pet., ECF No. 1, PageID.1.) On November 24, 2014, the trial court sentenced Petitioner to 15 to 30 years' imprisonment for the CSC-I conviction and 18 to 30 years' imprisonment for the armed robbery conviction. (*Id.*) On March 15, 2023, the trial court issued a new judgment of sentence "which included lifetime electronic monitoring as a condition incident to the sentence." (*Id.*, PageID.2.)

Petitioner filed his § 2254 petition in the Eastern District of Michigan on May 20, 2024. The Eastern District transferred the action to this Court on May 24, 2024. (ECF No. 3.) In his petition, Petitioner raises the following ground for relief:

    I.      Petitioner was deprived of due process of law where the trial court issued a new judgment of sentence that imposed a new and significant post-release

>     sentencing condition without providing Petitioner notice or opportunity to be heard.

(Pet., ECF No. 1, PageID.3.) Respondent contends that Petitioner's ground for relief is meritless. (ECF No. 8.) For the following reasons, the Court concludes that Petitioner has failed to set forth a meritorious federal ground for habeas relief and will, therefore, deny his petition for writ of habeas corpus.

## Discussion

### I.   Factual Allegations

On October 22, 2014, Petitioner pleaded guilty in the Hillsdale County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, and one count of armed robbery, in violation of Mich. Comp. Laws § 750.529. (ECF No. 9-4.) At the outset of the plea hearing, the trial judge informed Petitioner that a conviction for CSC-I carried "a potential penalty of life or any term of years with mandatory electronic lifetime monitoring." (*Id.*, PageID.150.)

On November 24, 2014, the trial court sentenced Petitioner to 15 to 30 years' imprisonment for the CSC-I conviction and 18 to 30 years' imprisonment for the armed robbery conviction. (ECF No. 9-5.) The record reflects that Petitioner appeared "by video at the Hillsdale County Jail." (*Id.*, PageID.174.) The trial court also "order[ed] lifetime monitoring as required by statute and the Sex Offender Registration Reporting Requirements." (*Id.*, PageID.185.)

Petitioner, through counsel, subsequently filed a motion to withdraw his guilty plea or for resentencing. (ECF No. 9-6.) The trial court conducted a hearing on that motion on July 13, 2015. (ECF No. 9-7.) That same day, the trial court entered an order denying Petitioner's motion. (ECF No. 9-8.)

On July 16, 2015, Petitioner, through counsel, filed a delayed application for leave to appeal to the Michigan Court of Appeals. (ECF No. 9-19, PageID.345–361.) The court of appeals denied the delayed application for "lack of merit in the grounds presented" on January 21, 2016. (*Id.*, PageID.344.) On November 2, 2016, the Michigan Supreme Court denied Petitioner's *pro per* application for leave to appeal. (ECF No. 9-20, PageID.452.)

On August 4, 2022, Petitioner filed a motion for resentencing on the grounds that his November 24, 2014, sentencing hearing was invalid because Petitioner appeared by video and had not waived his right to be present. (ECF No. 9-9.) In response, the prosecutor agreed that Petitioner was entitled to the requested relief, but asked that the trial court "merely resentence the Defendant to his current sentence in an in-person sentencing hearing." (ECF No. 9-11, PageID.228.)

The trial court granted Petitioner's motion for resentencing in an order entered on November 17, 2022. (ECF No. 9-13.) The parties appeared before the trial court for resentencing on February 27, 2023. (ECF No. 9-14.) At the outset, the trial judge noted that the previously assigned judge had ordered that Petitioner be subject to lifetime monitoring. (*Id.*, PageID.246.) The trial court resentenced Petitioner to the same terms of imprisonment previously imposed. (*Id.*, PageID.267.) The trial court issued a new judgment of sentence on March 1, 2023. (ECF No. 8-2.) On March 15, 2023, the trial court issued an amended judgment of sentence to indicate that Petitioner was "subject to lifetime monitoring under MCL 750.520n." (ECF No. 8-3.)

On September 1, 2023, Petitioner filed a motion to vacate the amended judgment of sentence, arguing that the trial court had no authority to enter the amended judgment because it was entered "with no notice to either party and no motion to correct an invalid judgment." (ECF No. 9-15, PageID.271.) The trial court conducted a hearing on the motion on September 14, 2023. (ECF No. 9-16.) During that hearing, the trial judge noted that the previously assigned judge had

3

ordered that Petitioner be subject to lifetime electronic monitoring, and that Petitioner was well aware of that conviction "from his previous sentencing, in November of '14, and it was on his judgment of sentence, dating back to November 24th of '14." (*Id.*, PageID.290–291.) The trial judge noted that it was her intention to include that provision in the new judgment of sentence, and that "it could be argued that they were incorporated by reference in [her] sentencing of February 27th of '23." (*Id.*, PageID.291.) The trial court concluded that Petitioner could not claim that he was prejudiced in any way by the court's *sua sponte* entry of the amended judgment of sentence. (*Id.*) Overall, the trial judge noted that it was never her intention to change the sentence imposed by the previous judge. (*Id.*, PageID.294.) The court denied the motion to vacate in an order entered on September 29, 2023. (ECF No. 9-17.)

Petitioner, through counsel, then filed an application for leave to appeal to the Michigan Court of Appeals. *See People v. Strausbaugh*, No. 368350, https://www.courts.michigan.gov/c/courts/coa/case/368350 (last visited Jan. 21, 2025). The court of appeals denied the application for lack of merit in the grounds presented on December 13, 2023. *See id.* On April 29, 2024, the Michigan Supreme Court denied Petitioner's *pro per* application for leave to appeal. (ECF No. 9-22, PageID.569.) This § 2254 petition followed.

## II.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an

4

> unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)); *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

5

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III.  Discussion

As noted *supra*, Petitioner's sole ground for relief is that the trial court violated his due process rights when it issued the new judgment of sentence that included the lifetime electronic monitoring requirement without providing Petitioner notice or an opportunity to be heard. (§ 2254 Pet., ECF No. 1, PageID.3.)

For an individual convicted of CSC-I in Michigan, the relevant statute provides that "[i]n addition to any other penalty imposed . . ., the court shall sentence the defendant to lifetime electronic monitoring under section 520n." *See* Mich. Comp. Laws § 750.520b(2)(d). Section 520n provides that "[a] person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring." *See* Mich. Comp. Laws § 750.520n(1). In 2017, the Michigan Supreme Court held that "under § 520b(2)(d), lifetime electronic monitoring must be imposed for all defendants convicted of CSC-I except where the defendant has been sentenced to life without the possibility of parole under § 520b(2)(c)." *People v. Comer*, 901 N.W.2d 553, 560 (Mich. 2017).

In support of his argument, Petitioner relies upon *People v. Cole*, 817 N.W.2d 497 (Mich. 2012), in which the Michigan Supreme Court concluded, based on the language set forth in the applicable statutes, that lifetime electronic monitoring is "part of the sentence" and is, therefore, a direct consequence of a guilty plea. *See id.* at 503. According to *Cole,* due process requires that

7

the trial court inform a defendant entering a guilty plea that he or she will be subject to lifetime electronic monitoring, if applicable. *See id.* The Michigan Court of Appeals has concluded that the rule announced in *Cole* applies retroactively to cases on collateral review. *See People v. Roark*, No. 316467, 2015 WL 6161440, at *3 (Mich. Ct. App. Oct. 20, 2015).

Here, however, Petitioner does not assert that the trial court never informed him that he would be subject to lifetime electronic monitoring before Petitioner entered his guilty plea. Nor could he. From the outset of Petitioner's criminal proceedings, he had notice that he would be subject to lifetime electronic monitoring if he was convicted of CSC-I. The charging Information explicitly set forth that Petitioner faced a maximum of life imprisonment and mandatory lifetime electronic monitoring if convicted of that charge. (ECF No. 8-4, PageID.66.) Moreover, as noted above, at the outset of Petitioner's change of plea hearing, the trial court explicitly informed Petitioner that a conviction for CSC-I carried "a potential penalty of life or any term of years with mandatory electronic lifetime monitoring." (ECF No. 9-4, PageID.150.) Thus, Petitioner's reliance on *Cole* is misplaced.

Instead, Petitioner contends that the trial court violated due process by issuing an amended judgment of sentence including that condition following Petitioner's resentencing. There is no question that pursuant to Michigan Court Rules, the trial court could not issue an amended judgment of sentence on its own initiative and was mandated to hold a hearing before doing so. *See Comer*, 901 N.W.2d at 560–62 (citing Mich. Ct. R. 6.435). However, the trial court's violation of Michigan Court Rule 6.435, which governs the correction of mistakes in judgments, is a pure issue of state procedural law. Violations of state law cannot provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Bradshaw v. Richey*, 546 U.S. 74, 76 (1983).

The Court recognizes that "some aspects of state sentencing procedure, created by state law, are so fundamental that the state must adhere to them in order to impose a valid sentence." *Chambers v. Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998). For example, the United States Supreme Court has held that the Due Process Clause was violated when an Oklahoma trial court instructed the jury that it must sentence a defendant to 40 years' imprisonment when the statutory scheme authorized the jury to sentence the defendant to anywhere between 10 and 40 years. *See Hicks v. Oklahoma*, 447 U.S. 343, 346–47 (1980). In another situation, the United States Court of Appeals for the Eighth Circuit has held that the Due Process Clause was violated when a defendant was sentenced to death by a three-judge panel without that panel finding the existence of aggravating circumstances beyond a reasonable doubt. *See Rust v. Hopkins*, 984 F.2d 1486, 1492–95 (8th Cir. 1993).

This Court has already rejected the due process violation asserted by Petitioner as "'not so central' or intertwined with a Constitutional right that it falls under the purview of *Hicks v. Oklahoma*." *Noonan v. Hoffner*, No. 1:14-cv-830, 2017 WL 5247781, at *6 (W.D. Mich. Nov. 13, 2017), *aff'd sub nom Noonan v. Burton*, No. 17-2458, 2018 WL 6584905 (6th Cir. Oct. 15, 2018). First, Petitioner has clearly been on notice since 2014, when he was initially sentenced, that he will be subject to lifetime electronic monitoring upon his release from custody. Moreover, as set forth *supra*, lifetime electronic monitoring is mandated for all defendants convicted of CSC-I in Michigan. Thus, "[t]he trial court had an absolute obligation to sentence Petitioner to lifetime electronic monitoring, whether a hearing was held prior to the amended sentence or not." *See id.* Indeed, the trial court noted during the hearing on Petitioner's motion to vacate that it was not its intention to modify the previously imposed sentence in any way, but rather to afford Petitioner his right to be sentenced in person.

While Petitioner should have been afforded an opportunity to be heard under state law, "anything he could have said or argued would ultimately have had no effect on the result." *See id.* Moreover, "there is no Supreme Court authority establishing a right to formal resentencing to correct an invalid sentence." *Rodriguez-Arango v. Winn*, No. 12-11973, 2016 WL 2643260, at *14 (E.D. Mich. May 10, 2016) (citing *Onifer v. Tyskiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001)). Petitioner, therefore, is not entitled to federal habeas relief with respect to his due process claim.

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that ... jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, the Court does not certify that an appeal would not be taken in good faith.

### **Conclusion**

The Court will enter a judgment denying the petition, as well as an order denying a certificate of appealability.

Dated:     January 24, 2025                              /s/ Robert J. Jonker
                                                                      Robert J. Jonker
                                                                      United States District Judge